UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.:

PAUL SCHWARTZ,

    Plaintiff,
v.

ROYAL CARIBBEAN CRUISES LTD., A
A Liberian Corporation,

    Defendant(s).
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY**

The Plaintiff, PAUL SCHWARTZ, by and through undersigned counsel, hereby sues the Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian Corporation, (hereinafter referred to as "RCCL" or Defendant) and alleges as follows:

**JURISDICTION, VENUE, AND PARTIES**

1. Plaintiff, PAUL SCHWARTZ, is *sui juris* and is a citizen and resident of Palm Beach County, Florida.

2. Defendant, RCCL, is Liberian corporation, but has its principal place of business in Miami, Miami-Dade County Florida, conducts business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs seventy-five thousand dollars ($75,000.00).

4. Further, this matter is being filed in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida, as required by the forum-selection clause contained within the Passenger Ticket Contract issued by the Defendant, as this action arises

1

under the admiralty or maritime jurisdiction pursuant to 28. U.S.C. § 1333. Upon information and belief, Defendant is in possession of a copy of the subject Ticket Contract.

5. The Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county and had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statute §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part on this county and/or state, and/or;

   f. Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, the *Allure of the Seas*.

6. Defendant is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. Plaintiff has complied with all condition precedent to bringing this action.

9. Defendant, RCCL, investigated this incident in anticipation of litigation and was aware of the potential claim since the date of the incident.

## **GENERAL ALLEGATIONS**

10. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Allure of the Seas*.

11. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Allure of the Seas*.

12. On or about May 9, 2022, Plaintiff was a fare-paying passenger aboard the *Allure of the Seas*, which was in navigable waters.

13. On or about that date, Plaintiff was on Deck 15 exiting the Sports Pool.

14. On or about that date, Plaintiff proceeded to exit by ascending the stairs in the Sports Pool.

15. At all times material hereto, Defendant knew or should have known that the flooring at the around the pool can accumulate with water and become unreasonably slippery. Defendant is aware of this or should have known of this due to its knowledge of prior similar incidents that occurred in this area aboard the *Allure* and other vessels in its fleet of ships. *See Cosmo v. Carnival Corp.*, 272 F.Supp.3d 1336 (S.D. Fla. 2017)(J. Scola).

16. As Plaintiff stepped out of the pool and began to walk, due to the unreasonably wet and slippery conditions of the flooring, he slipped and fell over the raised flooring around the pool onto the lower level, as there was nowhere for Plaintiff to catch his balance since there is limited space of the raised flooring before it drops down.

17. Upon information and belief, Defendant is in possession of the CCTV footage of Plaintiff's slip and fall.

18. Defendant knew or should have known that the flooring was not properly maintained, combined with the accumulation of water caused an unreasonably dangerous condition that existed on the deck.

## COUNT I
## NEGLIGENT FAILURE TO MAINTAIN

19. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged herein.

20. At all times material hereto, the Defendant owed the Plaintiff, as a fare-paring passenger on its cruise vessel a duty of reasonable care including a duty to maintain the area where Plaintiff fell, free of dangerous conditions known or that, with the exercise of reasonable care, should have been known to Defendant, its employees, agents or servants.

21. At all times material hereto, Defendant knew or should have known that the raised flooring around the Sports Pool can and does accumulate with water and that passengers often traverse this area going into or out of the pool and when the area accumulates with water and/or the drain fails to drain/dry fast enough, the water would change and/or reduce the slip resistance characteristics of the flooring creating an unreasonably dangerous condition.

22. At all times material hereto, Defendant knew or should have known that the area would become worn down and when it combined with the accumulation of water it would likely become wet, slippery, and unreasonably dangerous.

23. Notwithstanding the Defendant's actual or constructive notice of the dangerous condition identified above, at all times material hereto Defendant failed to maintain the area in a reasonably safe condition in one or more of the following ways:

    a. By failing to use slip resistant tape, slip resistant mats, or other measures to ensure the floor was not unreasonably slippery in the area where Plaintiff fell;

    b. Failing to ensure the floor slats were maintained appropriately, *to wit*, draining the water that accumulates on the floor;

    c. Failing to inspect and ensure that the flooring is not worn down as a result of accumulation of water and or due to normal wear and tear;

    d. Failing to ascertain the cause of prior similar incidents occurring on any of the Defendant's vessels in similar circumstances so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident;

    e. Failing to promulgate and/or enforce policies and procedures aimed at ensuring that the dangerous and/or hazardous condition which caused Plaintiff's incident would be discovered and corrected;

    f. Failing to correct a known dangerous condition on the floor that has occurred;

    g. Failing to provide an alternate path or walkway for safe ingress and egress.

24. As a direct and proximate cause of the aforementioned negligence of RCCL, Plaintiff, PAUL SCHWARTZ, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for enjoyment of life, pain and suffering, loss of earnings and/or wages, loss of earning potential, and the incurred costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff PAUL SCHWARTZ demands judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in

the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate, and further demands a trial by jury of all issues so triable of right.

## COUNT II
## NEGLIGENT FAILURE TO WARN

25. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged herein.

26. At all times material hereto, the Defendant owed the Plaintiff, as a fare-paying passenger on its cruise vessel, a duty of reasonable care, including a duty to warn of dangerous conditions that it knew or should have known.

27. At all times material hereto, Defendant knew or should have known that the flooring location where Plaintiff fell would be slippery and therefore dangerous when it became wet, combined with the worn-down flooring and therefore dangerous as the slip resistance characteristics would change.

28. At all times material hereto, Defendant knew or should have known of the likelihood of water runoff and accumulated water while passengers were going up and down the ladder, in and out of the Sports Pool, hence be unreasonably slippery when it became wet and therefore dangerous.

29. Notwithstanding the Defendant's actual or constructive notice, the hazardous condition identified above, the Defendant failed to warn passengers including the Plaintiff of the hazardous condition and was therefore negligent.

30. As a direct and proximate cause of the aforementioned negligence of RCCL, Plaintiff, PAUL SCHWARTZ, was injured, suffered physical impairment and/or disability, mental anguish, loss of capacity for enjoyment of life, pain and suffering, loss of earnings and/or wages, loss of earning potential, and the incurred costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

**WHEREFORE**, the Plaintiff PAUL SCHWARTZ demands judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate, and further demands a trial by jury of all issues so triable of right.

## COUNT III
## NEGLIGENT DESIGN, CONSTRUCTION, AND/OR APPROVAL
## OF THE FLOORING AROUND THE SPORTS POOL

31. Plaintiff re-alleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through eighteen (18) as though alleged herein.

32. At all times material hereto, RCCL had the duty to use reasonable care under the circumstances, and to maintain and operate its vessel, the *Allure of the Seas*, in a reasonably safe condition and manner. *See, Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1321 (11th Cir. 1989). The cruise line had the duty to use reasonable care in designing, constructing, and approving the areas of the vessel which the cruise line participated in either designing, construction, or approving. *Groves v. Royal Caribbean Cruises, Ltd.,* 463 F. Appx 837 (11th Cir. 2012).

33. RCCL knew or should have known that the flooring surrounding the Sports Pool was unreasonably dangerous as a result of its knowledge of prior similar incidents that occurred on that onboard the *Allure of the Seas* and other vessels in its fleet of cruise ships. *See Cosmo v. Carnival Corporation*, 272 F. Supp. 3d 1336 (S.D. Fla. 2017)(J. Scola). Moreover, upon information and belief RCCL has received passenger complaints/comments about the unreasonably dangerous nature of the raised flooring.. In addition, upon information and belief, RCCL knew or should have known that the raised flooring surrounding the Sports Pool was nreasonably dangerous as a result of its participation, design and construction of the *Allure of the Seas* and approval of any altered design. *See Groves v. Royal Caribbean Cruises, Ltd.*, 463 App'x 837 (11th Circ. 2012). Moreover, RCCL knew or should have known of the unreasonably dangerous condition of its raised flooring because the design and operation methods used by RCCL for this raised flooring around the pool deviated from accepted industry safety practices. *See Holderbaum v. Carnival*, 87 F. Supp. 3d 1345 (S.D. Fla. 2015)(J. Lenard).

34. RCCL is liable for the negligent acts and omissions of its employees, agents, and/or independent contractors committed during the course and scope of their employment with RCCL including their failure to reasonably design, construct, and inappropriate approval of the unreasonably dangerous nature of the raised flooring surrounding the pool.

35. RCCL breached the aforementioned duties of care owed to PAUL SCHWARTZ by constructing, designing, and approving the use the subject raised flooring despite the fact that it is not industry standard.

36. As a direct and proximate result of the aforementioned negligence of RCCL, Plaintiff, was injured, suffered physical impairment and/or disability, mental anguish, loss of

capacity for the enjoyment of life, pain and suffering, the aggravation of pre-existing conditions, inconvenience, permanent disability, loss of earnings and/or wages, loss of earning potential, and incurred the costs of reasonable and necessary medical expenses for the treatment of her injuries. These losses and injuries are permanent and continuing in nature, and Plaintiff will continue to suffer them in the future.

  **WHEREFORE**, the Plaintiff PAUL SCHWARTZ demands judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, aggravation of a previously existing condition, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate, and further demands a trial by jury of all issues so triable of right.

Dated: May 8, 2023

Respectfully Submitted,

**CHASE JUSTICE | INJURY ATTORNEYS**
2800 Ponce de Leon Blvd., Suite 1100
Coral Gables, Florida 33134
Telephone: (305) 677-2228
Facsimile: (305) 677-3232

By: /s/ Brandon L. Chase
  Brandon L. Chase, Esq., Florida Bar No. 90961
  E-mail: brandon@chasejustice.com
    eservice@chasejustice.com